```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
KEVIN RAZZOLI,                          :      14cv9555 (DLC)
                    Petitioner,         :      12cr00550 (DLC)
                                        :
          -v-                           :      MEMORANDUM OPINION
                                        :           AND ORDER
UNITED STATES OF AMERICA,               :
                                        :
                    Respondent.         :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

Kevin Razzoli ("Razzoli") filed a petition for a writ of habeas corpus on November 12, 2014. For the following reasons, the petition is denied.

## Background

On January 10, 2013, Razzoli was principally sentenced to 30 months' imprisonment following his conviction at trial of assaulting and spitting on Deputy U.S. Marshals. The facts underlying this conviction are set forth in a decision of November 8, 2012, which denied his motion for a new trial. United States v. Razzoli, 2012 U.S. Dist. LEXIS 161672 (S.D.N.Y. Nov. 8, 2012). In brief, Razzoli surrendered on June 8, 2012 to the custody of the U.S. Marshals Service pursuant to an arrest warrant for a parole violation. After he was taken into custody, he was searched. During this search, he spit on a deputy. After Razzoli was escorted to the Metropolitan

Correctional Center, he swung his elbow and struck another deputy in the face.  On September 25, 2012, Razzoli was convicted of assaulting Deputy United States Marshals in violation of 18 U.S.C. §§ 111(a) and 1114.

Razzoli appealed his conviction to the United States Court of Appeals for the Second Circuit, arguing that (1) the District Court should have granted Razzoli's motion to recall prosecution witnesses for further cross-examination, (2) the District Court should have granted Razzoli's motion for a new trial based on the alleged destruction of unidentified evidence, (3) Razzoli's trial counsel was ineffective for failing to file an interlocutory appeal from the District Court's denial of his Rule 33 motion, (4) the District Court improperly denied Razzoli's motion to subpoena a clergyman who purportedly would have testified about the significance of the scapular that Razzoli was wearing when he assaulted the Deputy United States Marshal, (5) the District Court should not have denied Razzoli's claim, made in his Rule 33 motion, that the Government was improperly recording his telephone conversations with his attorney, (6) the District Court should have held an evidentiary hearing at sentencing, (7) there were errors in Razzoli's Presentence Report, and (8) the District Court improperly denied Razzoli's request to subpoena witnesses and certain videotapes for consideration at sentencing.  Razzoli also raised various

other arguments which the Court of Appeals found meritless and did not individually address.  In a summary order of December 23, 2013, the Second Circuit affirmed the conviction.  United States v. Razzoli, 548 F. App'x 733, 736 (2d Cir. 2013).  Razzoli filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on October 20, 2014.  On January 13, 2014, Razzoli filed a motion for a clarification of his sentence, which was denied by order dated the same day.

In his November 12, 2014 petition, Razzoli seeks to vacate his conviction on four separate grounds.  On December 2, 22, and 30, Razzoli filed applications seeking discovery in connection with his petition and other relief, and on February 9, 2015, filed a document requesting that certain applications should be granted in light of the Government's failure to respond to that submission.  Following the Government's filing of a response to the petition on January 25, 2015, Razzoli filed a reply on April 13.  On December 8, Razzoli filed a document arguing that a hearing is required.

Razzoli has also requested that this Court be recused.  On January 26, 2015, he wrote to the Chief Judge of the Southern District of New York to request this Court's recusal.  On February 4, Razzoli filed a motion to recuse this Court from ruling on his petition.

**Discussion**

### I. Recusal

In arguing for this Court's recusal, Razzoli asserts that this Court's rulings in this case have violated the law.  This is not an appropriate ground for recusal and Razzoli's request is denied.

> [R]ecusal is not warranted where the only challenged conduct 'consist[s] of judicial rulings, routine trial administration efforts, and ordinary admonishments . . . to counsel and to witnesses,' where the conduct occurs during judicial proceedings, and where the judge 'neither (1) relie[s] upon knowledge acquired outside such proceedings nor (2) display[s] deep-seated and unequivocal antagonism that would render fair judgment impossible.'

S.E.C. v. Razmilovic, 738 F.3d 14, 29-30 (2d Cir. 2013), as amended (Nov. 26, 2013) (citing Liteky v. United States, 510 U.S. 540, 555 (1994)).

### II. Grounds for Habeas

Razzoli makes essentially four sets of arguments in his petition.  None of them has merit.

#### A. False Documents

In his first claim of error, Razzoli appears to assert that the arrest warrant that caused him to surrender on June 8, 2012 was premised on inaccurate information.  He contends that certain files possessed by various Government agencies include inaccurate data, including files in the possession of the Bureau of Prisons, U.S. Parole Commission, Federal Bureau of

4

Investigation, and U.S. Marshals Service.  In particular, Razzoli identifies a March 4, 2010 warrant as inaccurately listing Razzoli's race as black and a U.S. Marshals' file showing that Razzoli served in the Army rather than the Navy. He also asserts that the U.S. Parole Commission records contain a false lab report and data.

This claim has already been rejected and is not properly raised as part of a § 2255 petition.   See United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001) ("It is well established that a § 2255 petition cannot be used to 'relitigate questions which were raised and considered on direct appeal.'" (citation omitted)).  In arguing for a new trial, Razzoli complained about misstatements in the parole warrant paperwork.  The Court ruled that these issues were not relevant to either the Indictment's charges or the testimony given by any trial witness.  Razzoli, 2012 U.S. Dist. LEXIS 161672 at *15.  In addition, the Court of Appeals rejected this argument, which the defendant made on appeal, when it affirmed the conviction after finding that his "remaining arguments" were without merit.  Razzoli, 548 F. App'x at 736.

### B. Exclusion of Defense Experts

In his second claim of error, citing the Daubert standard, Razzoli contends that the trial court erred in refusing to issue subpoenas to compel trial testimony from three witnesses.

5

Razzoli asserts that he should have been allowed to call a Catholic priest, bishop, and cardinal to testify about Roman Catholic doctrine.

This claim has also been rejected by this Court and the Court of Appeals and is not properly brought through this petition.  In the denial of the motion for a new trial, the Court described at length the history related to the defendant's requests to call twenty-one witnesses at trial, including a Father McDevitt and Chaplain Mung.  Razzoli, 2012 U.S. Dist. LEXIS 161672 at *22-24.  The Court refused to permit witnesses to testify generally about the views Catholics might hold regarding scapulars.  Id. at 23-24.  Razzoli had been wearing a scapular when he surrendered to the U.S. Marshals; he was objecting to its removal when he spit at the deputy.

On appeal, the defendant argued that this Court improperly denied his request to subpoena a clergyman to testify about the significance of the scapular.  The Court of Appeals rejected that claim, observing that "[b]ecause the appearance of a scapular or its significance had no bearing on the illegality of Razzoli's conduct, the district court did not abuse its discretion in denying the request."  Razzoli, 548 F. App'x at 735.

### C. Counsel's Failure to File an Interlocutory Appeal

In his third claim of error, Razzoli argues that his trial counsel was ineffective because he refused to seek an interlocutory appeal of the denial of subpoenas for witnesses and DNA testing results.  To establish ineffective assistance of counsel, a petitioner must show "(1) that his counsel's representation 'fell below an objective standard of reasonableness,' and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  Chrysler v. Guiney, 806 F.3d 104, 117 (2d Cir. 2015) (citing Strickland v. Washington, 466 U.S. 668, 688, 694, 104 S.Ct. 2052 (1984)).

Even if his counsel's representation fell below an objective standard of reasonableness, which Razzoli has not shown, this prong of the petition would be denied.  Razzoli cannot show that the result of the criminal proceedings would have been different had his counsel filed an interlocutory appeal.  First, the Court of Appeals determined that the District Court did not improperly deny Razzoli's requests to subpoena a host of witnesses.  Razzoli, 548 F. App'x at 735.  Second, with respect to the DNA evidence, U.S. Marshal Deputy Brian Murphy testified that no DNA test was conducted after the assault.  Furthermore, even if Razzoli had obtained DNA test results, Razzoli has not shown that it would have changed the

7

outcome of the trial. There is no dispute that Razzoli was the person taken into custody by the U.S. Marshals on June 8, 2012, and the Government introduced video surveillance footage of Razzoli assaulting the two deputies. Accordingly, none of the grounds identified for an interlocutory appeal would have changed the outcome of Razzoli's trial and he has not established ineffective assistance of counsel.

### D. False Statements by AUSA

Razzoli's fourth and final claim appears to relate to his contention that the U.S. Attorney's Office may have had improper access to his privileged communications with his counsel during the time he was incarcerated. Razzoli asserts that the AUSA in this case falsely represented to the Court that there were no Title III wiretaps of Razzoli despite the fact that Razzoli had been intercepted over the years in wiretaps conducted by various state and federal agencies. Razzoli also appears to claim that his appointed counsel should have filed an interlocutory appeal related to this issue. Razzoli's December 30, 2014 submission attaches Bureau of Prisons telephone records which Razzoli represents include the history of telephone calls he made in July through September of 2012 to attorneys.

In rejecting the defendant's motion for a new trial premised on his contention that the prosecutors listened to recordings of his telephone calls with his attorneys, the Court

8

found inter alia that there was no evidence that any of the defendant's telephone calls recorded by the MCC and given to the Government included telephone calls between the defendant and his defense counsel in this prosecution or that the Government had access to any privileged communication about this prosecution.  Razzoli, 2012 U.S. Dist. LEXIS 161672 at *16-17.  The Court of Appeals also rejected his appeal regarding the alleged improper recording of his telephone conversations with his attorney.  Among other things, it noted that Razzoli had access to a private telephone line for privileged communications.  Razzoli, 548 F. App'x at 736.

### III. Miscellaneous Relief

In his petition, Razzoli also requests various other relief.  First, Razzoli seeks discovery of various items.  For instance, he seeks the names of all "FBI/SIA Rats" held in the MDC for a period of eleven years.  He also seeks a bail hearing.  Finally, he seeks production of DNA evidence taken by the U.S. Marshals on July 17, 2012 (over a month after the assault) and copies of CDs that were taken from him while he was serving his sentence at "FCI Gilmer" and "FTC Philadelphia."  These issues do not appear related to any of Razzoli's challenges to his conviction and will be denied.

**Conclusion**

Razzoli's petition of November 12, 2014 is denied. The petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted. Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall close the case.


Dated:    New York, New York
          January 21, 2016

                                  _____
                                       DENISE COTE
                                 United States District Judge

COPIES MAILED TO:

Kevin Razzoli
83 Wales Ave.
Jersey City, NJ 07306